UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANNABELLE ZARATZIAN | ) | |
|                  PLAINTIFF | ) | |
| | ) | |
| V. | ) | 10-CV-09049 (VB)(PD) |
| | ) | |
| ADEL RAMSEY ABADIR AND | ) | |
| LARRY M. CARLIN | ) | |
|                  DEFENDANTS | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CARLIN'S
MOTION FOR SUMMARY JUDGMENT**

      Plaintiff**,** Annabelle Zaratzian, replies to the motion for summary judgment filed and served by the defendant Larry M Carlin in this action and shows that this defendant is not entitled to a summary judgment for all of the following reasons. Plaintiff incorporates by reference all of the pleadings and evidence heretofore submitted.

I.      <u>The Showing on the Motion is Insufficient</u>

      In order to obtain summary judgment, the defendant must establish that there is no genuine dispute as to any relevant fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  What a party knew and when he knew it are typically questions of fact for the jury. [1]

      Section 2511(1)(c) and (d) impose liability upon an individual who intentionally discloses or uses, "the contents of any . . . electronic communication, knowing or *having reason to know* that the information was obtained through the interception of a[n] . . . electronic communication in violation of this subsection." (Italices added.) Thus, civil liability for the use

---

[1]   *Riddell v. Riddell Wash. Corp*., 866 F.2d 1480, 1484 (D.C. Cir. 1989)

or disclosure of intercepted communications requires a plaintiff to plead and prove that the defendant knew *or had reason to know* that the communication had been illegally intercepted.[2] By claiming that Plaintiff must establish that Defendant had actual knowledge, Defendant has misapplied the legal standard with respect to 18 U.S.C. § 2511(1)(c) and (d) liability.

Liability under § 2511(1)(c) and (d) is predicated upon the use or disclosure of the contents of an intercepted electronic communication. Actual receipt of a communication is not a required element though it may tend to establish actual knowledge that the communication had been intercepted,

In short, a plaintiff must establish that the defendant knew "1) [that] the information used or disclosed came from an intercepted communication, and 2) sufficient facts concerning the circumstances of the interception such that the defendant[s] could, with presumed knowledge of the law, determine that the interception was prohibited in light of Title III ."  [3,4]   "[T]he court should focus on defendant's reason to know rather than on whether it was reasonably foreseeable that [a plaintiff] would or would not consent to interception." [5]

II.     There are Genuine Disputes of Material Fact.

While it appears that Abadir provided Carlin with only one document; Plaintiff's 2008 federal and state income tax, Carlin received other confidential and proprietary information derived from intercepted e-mail. When viewed in its totality, against the backdrop of Carlin's

---

[2] *See United States v. Wuliger*, 981 F.2d 1497, 1501 (6th Cir. 1992).
[3] *See Nix v. O'Malley*, 160 F.3d 343 (6th Cir. 1998).
[4] *See Thompson v. Dulaney*, 970 F.2d 744, 749 (10th Cir.1992).
[5] *Wuliger*, 981 F.2d at 1504.

long standing role as Abadir's attorney, an inference exists that Carlin had reason to know that the source of Abadir's information was an interception.

1. In February 2007, Carlin communicated with and received $250,000 from Lendingtree Settlement Services following Plaintiff's purchase of the marital residence. Neither Carlin nor Defendant Abadir were involved in the transaction yet within days of the February 16, 2007 closing, Carlin was in communication with Lendingtree. (See Exhibits 8 and 9). Despite Defendant Abadir having been in continual receipt of e-mail messages regarding the transaction, Carlin has denied any knowledge of the closing. (See Exhibit 7) [6].

2. On May 18, 2010, Carlin received an e-mail from Defendant Abadir to which was attached Plaintiff's complete 2008 federal and state income tax return. This e-mail and its attachment were the subject of Plaintiff's Motion for Indicative Ruling dated February 10, 2012 which is on file.

The attached tax return was a digital file obtained when the e-mail prepared by accountant Charles Gomez and directed to Plaintiff was forwarded to Defendant Abadir. Examination of the document reveals that it is not a copy of a scanned or faxed document. It is a complete ready to sign tax filing package.

Attorney Amy Bellantoni as well as Defendant Abadir have testified that on October 12, 2010 Carlin made statements to the Westchester Family Court regarding Plaintiff's then current income, a matter Carlin has denied.[7]

3. On May 19, 2010, Defendant Abadir provided Carlin by e-mail with an 8 page memorandum named "ANAPUKE". (Exhibit 14a and 14b). The document is otherwise

---

[6] References to exhibits refer to the materials attached to the Declaration of Harold R. Burke filed on December 31, 2013.
[7] Ex. 21 Amy Bellantoni Depo., p. 44:21 - 45:11, 46:7 - 46:19

unremarkable except for the fact that it contains a reference to Plaintiff's last will and testament, a document Defendant Abadir intercepted on January 24, 2009. (Exhibit 14b).

On page 8 of the memorandum, Abadir states in the fifth paragraph: In last week's testament, Annabell states that her children should reside with a friend. Ramsey states children should be taken care of by family members; children have no relationship with said friend." The original document provided in discovery by Carlin contains a "hash mark" on the right side of this paragraph.

Plaintiff's last will and testament contains a provision in which Plaintiff requested the appointment of a friend to serve as guardian of the children in the event Plaintiff died following the death of Defendant Abadir.

Given that Plaintiff and Defendant Abadir had been divorced for nearly 3 1/2 years at the time Carlin received the ANAPUKE memorandum, there is no legitimate reason why Defendant Abadir would have access to Plaintiff's "last week's testament."

4.    On June 3, 2010, Plaintiff's attorney Rory Bellantoni had a conversation with Carlin at which time Carlin stated that Attorney Harold Burke was abusing amphetamine. (See Bellantoni Declaration.).  Mr. Bellantoni was not previously aware of this fact.

Mr. Burke's prescription use of amphetamine was the subject of an e-mail transmitted to Plaintiff on September 29, 2007 which was intercepted by Defendant Abadir. Plaintiff did not retain this e-mail; it was acquired from Defendant through discovery. (See Exhibit 15).

For an attorney to make such a statement would suggest either a total lack of awareness with respect to the law of defamation or the knowledge that the statement was true. Self interest, as well as reference to the rules of professional conduct, would further suggest that such a statement would not be communicated unless the speaker knew that the statement was true.

Thus, the implication is that Carlin either saw the e-mail or was sufficiently aware of its contents to be comfortable telling Mr. Bellantoni about Mr. Burke's amphetamine problem.

Despite Defendant Abadir's receipt of this information, Carlin has denied making this statement to Mr. Bellantoni. Crediting Mr. Bellantoni's version begs the question of how Carlin would come into possession of such information.

III.     Conclusion

Plaintiff submits that when the circumstances as described are viewed collectively, there is a breadth of information of such sensitive nature that an interception must be considered as the source.

As Abadir's attorney, Carlin has no doubt been aware of the friction and animosity between Plaintiff and Defendant Abadir.  He has been involved in the parties' court proceedings. The separation agreement he drafted references the temporary protective orders issued by the Family Court. (Exhibit 1). It is reasonable to assume that he possesses an awareness of what information is likely and unlikely to be voluntarily shared by the parties, as well as what information is required to be exchanged. However, none of the information provided by Abadir to Carlin was required to be exchanged under the MSA. Accordingly Abadir's legitimate receipt of such information must be viewed with skepticism.

Plaintiff has raised a genuine issue of material fact with respect to Carlin's knowledge or awareness that the source of the information provided to him by Abadir was an interception as defined by 18 U.S.C. § 2510. Carlin's motion for summary judgment should be denied.

Dated at Greenwich this 31st day of December 2013.

        Respectfully submitted,

        ANNABELLE ZARATZIAN

By _____
    Harold R. Burke (HB0149)
    Law Offices of Harold R. Burke
    21 Sherwood Place
    Greenwich, CT 06830
    Telephone:  (203) 219-2301
    Facsimile:   (203) 413-4443
    E-Mail:  hrb@burke-legal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANNABELLE ZARATZIAN | ) | |
|        PLAINTIFF | ) | |
| | ) | |
| V. | ) | 10 CIV 09049 (VB) |
| | ) | |
| ADEL RAMSEY ABADIR AND | ) | |
| LARRY M. CARLIN | | |
|        DEFENDANTS | ) | |

## CERTIFICATION OF SERVICE

    I hereby certify that on December 31, 2013 the foregoing motion was filed electronically and served electronically and by mail upon the following non-appearing counsel and pro se parties:

        Nathaniel Z. Marmur, Esq.
        BALLARD SPAHR STILLMAN &
           FRIEDMAN LLP
        425 Park Avenue
        26th Floor
        New York, NY  10022
        nmarmur@stillmanfriedman.com

        Larry M. Carlin, Esq.
        437 Madison Avenue, Floor 35
        New York, NY
        lmcarlinlaw@msn.com

    Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                        /s/ *Harold R. Burke*
                        Harold R. Burke (hb0149)
                        Law Offices of Harold R. Burke
                        P.O. Box 4078
                        21 Sherwood Place
                        Greenwich, CT 06830
                        Telephone:  (203) 219-2301
                        Facsimile:   (203) 413-4443
                        E-Mail:     hrb@burke-legal.com